540 So.2d 1008 (1989)
STATE of Louisiana, Appellee,
v.
Frederick DOBY, Appellant.
No. 20123-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
Writ Denied June 2, 1989.
*1010 Kidd & Kidd by Paul Henry Kidd, Monroe, for appellant.
William J. Guste, Jr. Atty. Gen., T.J. Adkins, Dist. Atty., and Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before FRED W. JONES, Jr., SEXTON and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
Defendant Doby was charged with attempted forcible rape, in violation of La.R. S. 14:27 and La.R.S. 14:42.1. After a trial by jury, he was found guilty as charged and sentenced to eight years at hard labor, with at least two years to be served without benefit of parole, probation, or suspension of sentence. Defendant appealed, reserving three assignments of error. For the reasons explained, we affirm the conviction, vacate the sentence and remand for resentencing.
Factual Context
On August 1, 1986 at about 3:00 p.m., the victim, a Malaysian architect student at Louisiana Tech in Ruston went to the eighth floor of the campus library to do some research. After about fifteen minutes, she heard a noise and noticed a black male a short distance away, on the other side of the bookshelf she was perusing. At this point, she recognized him as being the same individual she had seen earlier, before entering the library. She recognized his unusual hairstyle and blue striped shirt.
A few minutes later, she was approached from behind by the assailant and a rag soaked in ammonia was placed over her nose and mouth. A struggle ensued, and the assailant pushed her to the floor, and turned her over so that she was facing him. He positioned himself on top of her and forced her legs apart. The assailant fled when the victim bit his right hand.
She reported the incident to one of the campus librarians. The campus police were called, and an investigation was made. The victim said her assailant was wearing a ski mask, black pants and a blue striped shirt. The assailant's ski mask was found on the floor of the eighth floor, along with a rag smelling of ammonia and the victim's book and notebook. A bottle of ammonia and a pornographic magazine were found in a trash can in a third floor restroom. The defendant was found shortly afterwards on the third floor of the library. He was bleeding from his hand, and was wearing the blue shirt and black pants described by the victim. He was arrested and these proceedings ensued.
The victim later identified the defendant as her attacker from a photographic lineup.
ASSIGNMENT OF ERROR NUMBER ONE:
By this assignment, defendant claims the trial court erred by denying his motion for a post-judgment verdict of acquittal on the basis that the state failed to present sufficient evidence to prove him guilty of attempted forcible rape.
In reviewing sufficiency challenges, an appellate court must determine whether, when viewing the evidence in the light most favorable to the prosecution, a rational factfinder could have found that the state proved beyond a reasonable doubt that the defendant committed acts necessary to constitute every element of the *1011 offense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982).
While defendant's arguments on appeal are directed toward the sufficiency of the evidence proving a specific intent to commit forcible rape on his part, the specification of error states only that there was insufficient evidence to prove he committed forcible rape. We find sufficient evidence to prove each element of this offense.
The record contains ample evidence from which a reasonable juror could have concluded that the offender in this case was Doby. The victim positively identified him as her assailant; the clothes he wore at the time of the arrest matched her description of those worn by her assailant; an orthodontist who took a wax impression of the victim's teeth testified that the teethmarks on defendant's hands were made by teeth similar in size and shape to the victim's; the lab report indicated that fibers from defendant's pants were similar to those taken from the victim's shirt; saliva found on the ski mask contained secretions of the defendant's and the victim's blood types; and finally, head hairs found in the ski mask were identified as black male head hairs. The photograph of defendant which the victim identified as portraying her assailant also shows the unusual "knot" hairstyle she described to the police.
Forcible rape is defined as:
... A rape committed where the vaginal or anal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. La.R.S. 14:42.1
La.R.S. 14:27, defining attempt, provides, in part:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishment of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Thus, specific intent to commit a crime is an element of an attempted offense. As it is a state of mind, however, specific intent need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions and/or inaction of the defendant. State v. Fuller, 414 So.2d 306 (La.1982); State v. Dean, 528 So.2d 679 (La.App.2d Cir.1988). The determination of whether the requisite intent is present in a criminal case is for the trier-of-fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741 (La.1982).
The following evidence, viewed in the light most favorable to the prosecution, convinces us that the state has proven this element of the offense beyond a reasonable doubt: the victim's testimony that she was thrown to the floor and turned so that she was facing her assailant; her testimony that he lay on top of her, gagged her with a cloth and struck her in the face; her testimony that she felt her legs being forced apart and that "she knew what he was trying to do ..."; and her testimony, corroborated by photographs introduced into evidence, that her legs were bruised by the assailant during the attack.
Defendant maintains the fact that he never attempted to disrobe the victim or place his hand between her legs or on her breasts is fatal to the state's attempt to prove intent to rape. We disagree. We believe it was reasonable for the jury to infer defendant's intent to rape from the circumstances described. Failure of an assailant to consummate the act because of a victim's resistance does not prevent a finding of intent to commit rape by threatening or forcing the victim into submission. State v. Magee, 491 So.2d 454 (La.App. 1st Cir.1986). Furthermore, the testimony of the victim is sufficient to prove the elements of a criminal offense. See State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir. 1984), writ denied, 449 So.2d 1347 (La. *1012 1984). This assignment of error is therefore without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
Defendant contends the trial court erred by allowing into evidence, over his objection, reports from the crime lab not in compliance with La.R.S. 15:499. That statute allows proof by certificate of examination and analysis of physical evidence in criminal cases if certain conditions are met. One of the conditions is contained in Section B of the statute, which provides that the certificate shall be signed by the persons making the examinations and/or analyses. In addition, La.R.S. 15:500 provides that the court shall receive as evidence any certificate made in accordance with R.S. 15:499, and that the certificate shall be prima facie proof of the facts it contains and the chain of custody of the evidence listed thereon. However, 15:501 provides that the party against whom such certificate is offered may subpoena on cross-examination the person who performed the examination or analysis, and if this is done, the certificate shall not be prima facie proof of its contents or proper custody.
The report at issue contained analyses of fingerprints found on some of the evidence against defendant. Hood, the expert who analyzed the prints, failed to sign the report and defendant objected to the introduction of the entire report. The prosecutor testified regarding Hood's expertise in the field of fingerprint analysis, but the court sustained defendant's objection at this point. The judge then called a recess in order to give Hood time to drive from Shreveport to testify.
After Hood testified out of the presence of the jury that he did fingerprint analyses of items No. 6, 8, 11, 12, and 20 of the report, and that he did not analyze any of the other items, the state attempted to have him cure the defect by signing the report in open court. The judge refused to allow this. However, noting that none of defendant's fingerprints were found on any of the items analyzed by Hood and listed in the report, he overruled the defendant's objection, offerring to excise those portions of the report pertaining to the items analyzed by Hood. However, the defendant wanted the jury to view them, as they were favorable to his defense, so the entire report was admitted into evidence.
The defendant contends that this ruling by the trial judge constitutes reversible error. He argues that these statutes should be strictly construed, as they operate as an exception to the prohibition against hearsay. We recognize that certificates such as this one do not constitute prima facie proof of the facts recited therein when the state relies on proof by testimony of the person or persons preparing it. See State v. King, 471 So.2d 1181 (La.App. 3d Cir.1985).
However, in this case the state attempted to prove only the fingerprint analysis by Hood's testimony; therefore it is only this portion of the report which does not constitute prima facie proof of its contents. We find that the trial judge's offer to excise those parts of the report affected by the non-compliance acted to cure this technical defect. Furthermore, all items in the lab report relate to the identity of the offender. We have found sufficient evidence to prove the identity of the assailant, and we find this to be true even without considering the information contained in the lab report. Therefore, any technical error which occurred is harmless, as it is not prejudicial to any substantial rights of the defendant or a substantial violation of a statutory right in view of the overwhelming evidence establishing that defendant is the offender in this matter. La.C.Cr.P. Art. 921; see also State v. Stripling, 354 So.2d 1297 (La.1978).
ASSIGNMENT OF ERROR NUMBER THREE:
Defendant's final assignment of error is that the trial court imposed an excessive sentence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the *1013 record must show that the trial court took cognizance of the criteria set forth in La.C. Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance as long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981).
Second, the reviewing court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
In this case, the trial court's reasons for sentence demonstrate adequate compliance with La.C.Cr.P. Art. 894.1. The judge noted defendant's age, that he was gainfully employed, and that he had no prior criminal record. However, he also noted that there was no justification for defendant's actions, that this incident had an adverse psychological impact on the victim and that no compensation has been made. He further stated his belief that defendant contemplated that his actions would cause serious harm to the victim, and the defendant was not a good probation risk. He stated that defendant was therefore in need of correctional treatment which would best be provided by a custodial environment and that a lesser sentence would deprecate the seriousness of this offense.
Considering the reasons articulated by the trial judge and the seriousness of this offense, we cannot say this eight year sentence is excessive.
However, that portion of defendant's sentence which provides for "at least" two years to be served without benefit of parole, probation or suspension of sentence is indeterminate, as it fixes no maximum number of years to be served before defendant is eligible for parole, and is therefore illegal. La.C.Cr.P. Art. 879; State v. Orgeron, 512 So.2d 467 (La.App. 1st Cir.1987), writ denied, 519 So.2d 113 (La.1988).
For these reasons, defendant's conviction is AFFIRMED, the sentence is VACATED and the case is REMANDED to the trial court for resentencing in accordance with this opinion.