GRISBAUM, Judge.
This appeal relates to an armed robbery conviction. We affirm the conviction, vacate the sentence, and remand.
PROCEDURAL HISTORY
On December 18, 1981, the defendants, Kamurt Bridges and Wayne Bridges, were indicted by a grand jury and charged with armed robbery in violation of La.R.S. 14:64 and second-degree murder in violation of La.R.S. 14:30.1. Defendant Kamurt Bridges was arraigned on January 2, 1982, and he pled not guilty. On September 8-10, 1982, after denial of a motion to suppress identification, the defendants were jointly tried on the charges of armed robbery. The 12-person jury found each defendant guilty as charged.[1] On November 22, 1982, after denial of defendant’s post-trial motions, he was sentenced to 40 years at hard labor. On October 5, 1983, the second-degree murder charge against the defendant was dismissed. The Louisiana Supreme Court granted the defendant an out-of-time appeal on February 12, 1988; the trial court also granted an out-of-time appeal on February 25, 1988.
This matter originally was docketed for January 30,1989, and defense counsel filed a brief on December 6, 1988. The matter was then removed from the January docket to allow supplementation of the record. The matter was redocketed for May 1, 1989, and defense counsel filed a supplemental brief on April 6, 1989. The State filed a supplemental brief on April 20,1989.
FACTS
The facts are essentially the same as those enumerated in State v. Wayne Bridges, supra, at 722.
At approximately 4:30 p.m. on the evening of November 20, 1981, three black males entered a Shoe Town in Jefferson Parish, Louisiana. Present in the store were the store manager, Jesse Tate; two cashier-salesgirls, Martha Mitchell and Melanie Grego; a security guard, Mr. Des-meaux; and two unidentified stock persons. One of the black males, later identified as Kamurt Bridges, moved toward the sock counter. When approached by the store manager, he asked if the socks came in any colors other than those displayed. Tate responded that he would go to the back of the store to get another box of socks. After Tate left the area, Kamurt then selected one pair of socks from the display and approached the cash register. The cashier, Martha Mitchell, rang up the sale. As she opened the register to deposit the two dollars proffered by Kamurt and give him change, he shoved her aside and grabbed the money from the cash drawer. As the subject was at the register, the two confederates, one of whom was identified as Wayne Bridges, disarmed the apparently elderly security guard. The three men, waving the stolen gun, then fled from the store.
Each of the witnesses were shown numerous photographic lineups. Kamurt Bridges was identified by Martha Mitchell, Melanie Grego, and Jesse Tate. Wayne Bridges was identified by Melanie Grego and her husband, Vincent Grego, who was near the store at the time of the crime. A third person was also identified by Melanie Grego, but was found to have been in jail at the time of the robbery.
At trial, alibi defenses were presented for both the defendant and Wayne Bridges. Mrs. Bertha Bridges, mother of both defendants, testified that Kamurt was at home with her during the afternoon of the robbery.
ASSIGNMENTS OF ERROR
Numerous assignments of error have been raised; however, some have been abandoned by not being argued either in brief or by oral argument. Accordingly, we consider them abandoned. See Uniform Rules of Court — Courts of Appeal, Rule 2-12.4. We will address the following assignments of error:
(1) Whether the evidence presented at trial was sufficient to justify a verdict of armed robbery, and, if so, whether the trial *658 court erred in denying the defendant’s motion to modify the jury verdict and render a judgment of conviction to simple robbery.
(2) Whether the record is so grossly incomplete that the defendant will be denied a full and fair review in violation of his right to due process.
(3) Whether the trial court’s sentence was excessive.
(4) Whether there exists error patent.
The remaining assignment of error is that the trial court erred in denying the defendant’s motion for a new trial. However, in light of our other findings, this assignment will not be addressed.
ASSIGNMENT OF ERROR ONE
Our standard of review regarding claims of insufficiency of the evidence is well-settled in our federal and state jurisprudence. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, — U.S. -, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). Likewise, our jurisprudence is equally well-settled where the evidence viewed in the light most favorable to the State supports only a conviction for a lesser included responsive offense. See La.C.Cr.P. art. 821(E); State v. Lombard, 486 So.2d 106 (La.1986).
The defendant was charged with and convicted of armed robbery of Martha Mitchell in violation of La.R.S. 14:64. To support his conviction, the evidence must show that the defendant (1) took (2) anything of value belonging to another (3) from the person of (or in the immediate control of) the other (4) by use of force or intimidation (5) while armed with a dangerous weapon. State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987).
Encompassed in proving the elements of the offense is the necessity of proving the identity of the defendant as the perpetrator; the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Duvio, 511 So.2d 821 (La.App. 5th Cir.1987).
The defendant here pushed Ms. Mitchell and then took money from the cash register she had opened, while his two companions overpowered the security guard and armed themselves with his gun. The three men then made their escape. Three eyewitnesses positively identified the defendant after they were shown numerous photographic lineups. This, we find, is sufficient to support the defendant’s conviction for armed robbery. From this evi-dentiary scenario it becomes unnecessary for this Court to address the question of whether the trial court erred in not modifying the jury’s verdict.
ASSIGNMENT OF ERROR TWO
Regarding the incompleteness of the record, we note at the time the transcript of trial was originally prepared, the testimony of the jury selection, the State’s opening statement, the charges given to the jury, and the closing argument, were not transcribed. The court reporter indicated that these portions were not originally transcribed because no objections were made. We further note that since the notes of testimony taken by the court reporter were destroyed, this portion of the transcript cannot now be prepared.
The defense claims these transcripts are necessary to afford the defendant a full review of the proceedings. La.C.Cr.P. art. 843 provides:
In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
This article encompasses arguments of counsel, examination of jurors and jury charges; accordingly, the unavailability of the transcripts of these portions of the trial is error. However, the article does not mandate a mistrial. Thus, it must be determined whether the error is such as to affect the substantial rights of the accused, including his right of appellate review. La.C.Cr.P. art. 921.
*659 Since the defendant did not timely object he cannot now complain of any error which may have occurred during those proceedings. La.C.Cr.P. art. 841; State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594 (La.1982). As the defendant has no right to appeal any error from these portions of the trial, he has not been deprived of any substantial right by the unavailability of these transcripts. See State v. Francis, 345 So.2d 1120 (La.1977), cert. denied, 434 U.S. 891, 98 S.Ct. 267, 54 L.Ed.2d 177 (1977); State v. Goodbier, 367 So.2d 356 (La.1979); State v. Plaisance, 252 La. 212, 210 So.2d 323 (La.1968), cert. denied, 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 470 (1968) (but note that Plaisance was decided prior to the enactment of La.C.Cr.P. art. 843). Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR THREE
Our jurisprudence regarding excessive sentence states as follows:
The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are “grossly out of proportion to the severity of the crime” or “nothing more than the purposeless and needless imposition of pain and suffering” are excessive. State v. Brogdon, 457 So.2d 616 at 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987). Even sentences which are within statutory limits may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir.1988). Sentences must be individualized to be compatible with the offenders as well as the offenses. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Bryant, 428 So.2d 1167 (La.App. 5th Cir.1983); State v. Tyler, supra.
State v. Studivant, 531 So.2d 539, 540 (La.App. 5th Cir.1988).
We note the sentence of 40 years at hard labor is in the mid-range of sentences the defendant could have received. Moreover, the record shows the defendant had an extensive criminal record. We finally note we see no mitigating factors of record. Accordingly, we cannot say the trial court erred.
ASSIGNMENT OF ERROR FOUR
Our standard of review dealing with error patent is well-settled in La.C. Cr.P. art. 920 and our jurisprudence. State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. McGee, 527 So.2d 486 (La.App. 5th Cir.1988). The record shows that the minute entry and the commitment state that the sentence is to be served without benefit of parole, probation, or suspension of sentence. The commitment directs the Department of Corrections regarding the length and conditions of the sentence. However, the transcript of the sentencing hearing contains an apparent typographical error, indicating that the trial judge did not impose such a condition on the sentence, and our jurisprudence, again, is well-settled in stating that where there is discrepancy between the transcript and the minute entry, the transcript must prevail. See State v. Lynch, 441 So.2d 732 (La.1983). Likewise, such an error may not be corrected by us on our own motion. See State v. Fraser, 484 So.2d 122 (La.1986). Accordingly, the sentence is vacated.
For the reasons assigned, the conviction is affirmed, and the sentence is vacated. The matter is remanded for resentencing.
AFFIRMED, VACATED, AND REMANDED.

. Wayne Bridges’ conviction was affirmed by this Court on appeal. State v. Bridges, 444 So.2d 721 (La.App. 5th Cir.1984).