585 So.2d 1245 (1991)
STATE of Louisiana, Appellee,
v.
Thaddeus Allen BAILEY, Appellant.
No. 22660-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
*1247 Michael A. Courteau, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., and Peter Edwards, Asst. Dist. Atty., Monroe, for appellee.
Before HIGHTOWER, VICTORY and BROWN, JJ.
HIGHTOWER, Judge.
A jury found defendant, Thaddeus A. Bailey, guilty of attempted forcible rape, LSA-R.S. 14:27 and 14:42.1. Following his adjudication as a second felony offender, LSA-R.S. 15:529.1, the trial court imposed a sentence of 25 years at hard labor. However, the present record creates uncertainty as to whether defendant is required to serve ten years of that term without benefit of probation, parole or suspension of sentence.
Defendant appeals, reserving four assignments of error, the second of which he specifically abandons in brief. After considering the remaining three, we affirm the conviction. Nonetheless, on the basis of error patent, we vacate the sentence and remand.

FACTS
On October 9, 1989, shortly after midnight, N.B. walked to a store about five blocks from her home to buy cigarettes. Returning, she took a shortcut through an alley. There, a man later identified as defendant grabbed her from behind. In the ensuing struggle, N.B. fell to the ground before defendant positioned himself on top of her, choking her and pinching her face. Finding herself unable to continue resisting when he tightened his stranglehold, she feigned unconsciousness. Defendant then ripped open her pants and underwear. Getting to his feet, he next attempted to unbuckle his trousers. Spontaneously, the victim seized the opportunity for escape by kicking defendant in the groin and fleeing.
Upon reporting the crime to the West Monroe Police Department, N.B. described her assailant to a police artist, who formulated a composite drawing with her assistance. Subsequently, within a day after circulating the picture to various law enforcement agencies, the investigating officer received information that the portrayed suspect closely resembled defendant. When N.B. successfully picked defendant out of both a photographic and a physical lineup, authorities arrested him for attempted rape. Later, at trial, she again identified him as her attacker.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant challenges the sufficiency of the evidence to support his conviction, arguing definitively that the state failed to prove he had the specific intent to commit rape.
The criterion for reviewing sufficiency of evidence is whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Lard, 568 So.2d 629 (La.App.2d Cir. 1990). That standard, initially enunciated in Jackson, and legislatively adopted in LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Reaves, 569 So.2d 650 (La. *1248 App.2d Cir.1990), writ denied 576 So.2d 25 (La.1991).
To support defendant's conviction, the state must have proved that defendant had the specific intent to commit forcible rape[1] and that he did an act for the purpose of, and tending directly toward, the accomplishing of his objective. LSA-R.S. 14:27 and 14:42.1; State v. Doby, 540 So.2d 1008 (La.App.2d Cir.1989), writ denied, 544 So.2d 398 (La.1989); State v. Volkmann, 539 So.2d 1279 (La.App.3d Cir.1989).
Specific intent, being a state of mind, need not be proved as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); Doby, supra. Additionally, it may be established through the testimony of the victim, which alone is sufficient to prove the elements of the offense of attempted forcible rape. Doby, supra; State v. Magee, 491 So.2d 454 (La. App. 1st Cir.1986).
N.B. testified that during the attack, she fell to the ground and defendant choked her until she could no longer resist. He then tore her pants and underwear and next attempted to remove his own trousers. To corroborate the victim's testimony, the state introduced into evidence the clothing she wore on the night of the attack and, also, photographs taken of her the following day. The pictures revealed scratches, "marks" and bruises to N.B.'s chest, back and stomach. Under cross-examination, she admitted that at no time did defendant expose his genitals or state that he intended to rape her.
It is not the function of appellate courts to reevaluate the credibility of witnesses and then proceed to overturn factual determinations of guilt. LSA-Const. Art. 5, § 5(C) (1974); State v. Richardson, 425 So.2d 1228 (La.1983); State v. Lewis, 577 So.2d 799 (La.App.2d Cir.1991). Absent internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. Lard, supra; State v. Emerick, 499 So.2d 195 (La.App.2d Cir.1986).
A rational trier of fact, after comparing the testimony of the victim and the physical evidence, clearly could find beyond a reasonable doubt that defendant's actions constituted attempted forcible rape, not assault or attempted robbery as urged on appeal. Said another way, any logical juror obviously could conclude beyond such a doubt that the assailant intended to engage in sexual intercourse with the victim by threatening or forcing her into submission. Where the fact-trier has made a rational evaluation of the evidence, an appellate court should not disturb that determination. See State v. Mussall, 523 So.2d 1305 (La.1988). Accordingly, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant contends that the trial court erred in not granting a mistrial "or sufficient other relief" in response to news reports, published during the selection of the jury, that revealed defendant's past conviction for a sex-related offense.
LSA-C.Cr.P. Art. 775 provides that when prejudicial conduct in or outside of the courtroom makes it impossible for a defendant to obtain a fair trial, upon motion of the defendant, a mistrial shall be ordered. A mistrial is not, however, warranted on the basis of a juror's subjection to publicity absent a determination that the juror has been actually exposed to the report in question and, also, so impressed by it as to be rendered incapable of reaching a fair and impartial verdict. State v. Russell, 416 So.2d 1283 (La.1982), cert. denied, 459 U.S. 974, 103 S.Ct. 309, 74 L.Ed.2d 288 (1982); State v. Young, 569 So.2d 570 (La. *1249 App. 1st Cir.1990), writ denied, 575 So.2d 386 (La.1991). The determination as to whether or not a mistrial should be granted under LSA-C.Cr.P. Art. 775 is within the sound discretion of the trial court, and a denial of mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Smith, 433 So.2d 688 (La.1983).
At the end of the first day of trial, the court allowed all six selected jurors to go home for the night after receiving instructions that they not read any news reports concerning the case. The judge failed to similarly warn the remaining veniremen.
The following morning, a local newspaper published an article about the trial and mentioned defendant's prior conviction for attempted carnal knowledge of a juvenile. Before the selection of jurors resumed, defense counsel moved for a mistrial and change of venue, arguing that the revelation had "poisoned the well of potential jurors." The court ultimately denied both motions.
However, in response to defendant's motion, during the remainder of the selection process, the trial judge and counsel examined all potential jurors about the article in question. With that approach, the court excused for cause those individuals admitting any knowledge of the news report, even in instances where the venireman professed he would not be swayed by it. Furthermore, after concluding jury selection and prior to adjournment the second day, the entire jury panel received express instructions to avoid any items of publicity concerning the trial.
The next morning, a similar write-up appeared in the same newspaper. When defense counsel renewed the mistrial motion, the trial judge again questioned all of the jurors, asking if they had seen the article or heard anything about the case overnight. All replied negatively.
Our present review indicates that the district court went to great lengths to insure against jury members being influenced by the media coverage at issue. Moreover, no indication appears that any juror ever violated the court's instructions precluding exposure to publicity. Hence, defendant demonstrating no factual basis for the present complaint, and the record failing to reveal actual prejudice resulting from the publication of the two articles, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
This final assignment of error challenges the trial court's failure to order production of a "supplemental initial police report," referred to in the initial report which defendant obtained through discovery.
More than four months in advance of trial, the state responded to defendant's discovery motion seeking "a copy of the initial report" of law enforcement officials. The document presented, according to defense counsel, in part read, "See detective follow-up for description."
LSA-R.S. 44:3 A(4)(b)(i) requires that the initial police report, constituting a public record, set forth "a narrative description of the alleged offense." The reporting officer may not defeat the purpose of this statute by selectively including information obtained in the initial investigation in the first report, and then placing the remainder in a subsequent report. State v. McEwen, 504 So.2d 817 (La.1987); State v. Sanders, 539 So.2d 114 (La.App.2d Cir.1989), writ denied, 546 So.2d 1212 (La.1989).
The present record does not contain the initial report at issue. Rather, defendant's appellate brief appends a copy. Although the shown narrative concludes with the phrase, "See detective follow up for description," it also provides a fairly detailed account of the attack.[2] Further, our reading *1250 of the statement as a whole indicates that the mentioned "follow-up" description is intended to pertain to the suspect.
In any event, even assuming arguendo that the subsequent document should have been produced as a part of the initial report, defendant has failed to show that any prejudice resulted. See LSA-C.Cr.P. Art. 921; State v. Sonnier, 558 So.2d 749 (La. App.3d Cir.1990). Apparently having no urgent need for the "description," the defense waited until the third day of trial to object to the state's discovery answer. More importantly, even without the follow up report, defendant did not appear hampered or at a disadvantage in presenting his alibi defense or cross-examining the state's witnesses, including the victim. Under these circumstances, concerning discovery of the initial report, any error is harmless. Thus, the assignment fails.

ERROR PATENT
The minute entry and judgment of conviction disclose that the trial court sentenced defendant to twenty-five years at hard labor, with ten years of that term to be served without benefit of probation, parole or suspension of sentence. But then, upon reviewing solely the judge's actual pronouncement of sentence, we note a possible transcription error, in that the present transcript fails to reflect the negation of the abovementioned benefits as part of defendant's sentence.
It is well settled that when there is a discrepancy between the minute entry and the transcript, the latter must prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Bridges, 545 So.2d 655 (La.App. 5th Cir.1989), writ denied, 551 So.2d 1316 (La.1989). Yet, since this record is unclear as to the true intent of the trial court, we are unable to correct the error. State v. Bridges, supra; State v. Sosa, 537 So.2d 873 (La.App. 5th Cir.1989). Accordingly, the sentence will be vacated and the matter remanded for resentencing, after consideration of the indicated discordance.

CONCLUSION
For the reasons assigned, defendant's conviction is affirmed. However, we vacate the sentence and remand the matter for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] LSA-R.S. 14:42.1 defines forcible rape as follows:

Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
[2] "... Zeigler, was dispatched to 809 Clayton in reference to a reported attempted rape that occurred 0030-0130 hours this date behind 407 N. 7th. Upon arrival I spoke with [N.B.] who advised as she was coming back from Charter Foods Bridge and Cypress a B/M jumped her in the rear of 407 N. 7th and attempted to rape her after choking her down. [N.B.'s] clothing was ripped during the struggle. [N.B.] advised she played like she was passed out on the ground and the B/M starting undoing his pants. [N.B.] then jumped up and kicked him between the legs. [N.B.] fled east to N. 7th Street then to her residence via the street. [N.B.] advised the B/M never said a word and only grunted when kicked. See detective follow up for description. Case turned over to the Detective Division."