607 So.2d 11 (1992)
STATE of Louisiana,
v.
Willie BRYANT.
No. 24274-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*12 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Catherine M. Estopinal, Asst. Dist. Atty., Shreveport, for appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
A jury responsively convicted Willie T. Bryant of attempted forcible rape, LSA-R.S. 14:27 and 14:42.1. On February 21, 1992, following defendant's adjudication as a third felony offender, the trial court imposed a sentence of 20 years at hard labor.
Challenging the sufficiency of the evidence to support his conviction and contending the sentence is excessive, defendant now appeals. For reasons hereinafter expressed, we affirm.

FACTS
In the early morning hours of July 4, 1990, A.S., then 30 years of age, and another woman, Jessica, accompanied defendant to his Shreveport residence. Soon thereafter, he and the second female departed the dwelling to seek alcoholic beverages. Bryant returned alone approximately two hours later, angrily claiming that Jessica had taken twenty dollars from him. When A.S. then attempted to leave the house, defendant grabbed her and began administering a beating. Dragging his victim into the backyard despite her screams, he continued the attack while removing her shorts and underpants. Later at trial, she testified about being raped while threatened with a knife, which she never observed.
After fleeing to Texas the next morning, defendant eluded arrest until January 8, 1991, when an anonymous party notified Shreveport officials of his return to the area. Upon trial of an aggravated rape charge, the jury returned a responsive verdict as previously stated.

DISCUSSION

Sufficiency of the Evidence
In one assignment of error stemming from the denial of a motion for post-conviction acquittal, defendant contends that the evidence did not support the jury verdict of attempted forcible rape. He maintains that, instead, the state merely established a battery.[1]
The criteria for evaluating sufficiency of evidence are whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App.2d Cir.1990). That standard, initially enunciated in Jackson, and now legislatively embodied within *13 LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Willis, 446 So.2d 795 (La. App.2d Cir.1984).
To support such a conviction, the state must prove that defendant had the specific intent to commit forcible rape[2] and that he did an act for the purpose of, and tending directly toward, the accomplishing of his objective. LSA-R.S. 14:27 and 14:42.1; State v. Bailey, 585 So.2d 1245 (La.App.2d Cir.1991); State v. Doby, 540 So.2d 1008 (La.App.2d Cir.1989), writ denied, 544 So.2d 398 (La.1989); State v. Doremus, 571 So.2d 831 (La.App.3d Cir.1990). Specific intent, being a state of mind, need not be proved as a fact but may be inferred from the circumstances involved and the actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); State v. Bailey, supra; State v. Doby, supra.
Granted, the victim's testimony comprises the only direct evidence of the rape. Still, it does not stand alone but is corroborated by another witness, in addition to police and medical testimony, along with physical evidence.
A.S. stated that she struggled to break free from the attack of defendant, who forcefully dragged her to the rear of the house where the pommeling continued. During the violence, according to the victim's testimony, Bryant removed her shorts and underpants and then raped her. Shortly afterwards, when he declared an intention to kill her, she managed to escape.
Screams for someone to call the police attracted defendant's neighbor, Emma Thomas, to the doorway of her residence. From that vantage point, she witnessed the victim struggling but unable to "get up because he was down on her." Mrs. Thomas's testimony further described the assailant as "just pounding her."
Corporal L.D. Thomas of the Shreveport Police Department testified that, while patrolling in the area of the incident, A.S. signaled for him to stop. Bleeding and hysterical, she told the officer she had been raped, then directed him to where the incident transpired. Upon arriving at the backyard scene, the officer immediately observed bloodstained grass and a torn undergarment.
The officer later transported the victim to a medical facility, where emergency room personnel sutured both her left knee and lacerations behind her right ear. Sexual assault examination samples failed to disclose the presence of seminal fluid or spermatozoa. According to expert testimony, however, the absence of such evidence did not negate rape, but merely indicated inconclusive results.
In contravention of his attorney's advice, defendant elected to testify, relating a story greatly different than that given by the victim. He stated that both of the females, upon entering his residence, began smoking crack cocaine. Later, accompanied by Jessica, he departed the dwelling. Returning about two hours later, he found A.S. still at his house and discovered $135 missing from his bedroom. The realization that the money had been stolen, he said, caused him to lose his temper and strike the woman once. He denied, however, that a rape occurred.
It is not the function of an appellate court to reevaluate credibility of witnesses and then proceed to overturn factual determinations of guilt. LSA-Const. Art. 5, § 5(C); State v. Richardson, 425 So.2d 1228 (La.1983); State v. Lard, supra. It is the province of the jury, and not that of the appellate court, to assess credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Lard, supra; State v. Shepherd, 566 So.2d 1127 (La.App.2d Cir.1990).
*14 In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La. App.2d Cir.1990), writ denied, 576 So.2d 25 (La.1991); State v. Shepherd, supra; State v. Emerick, 499 So.2d 195 (La.App.2d Cir. 1986).
Comparing the victim's testimony, supported as previously indicated, with that of defendant, a rational juror easily could conclude beyond a reasonable doubt that Bryant committed the crime of attempted forcible rape. Likewise, an absence of forensic evidence of rape is not fatal to such a case. See State v. Reaves, supra. Furthermore, no other reasonable hypothesis explains the discovery of the torn panties in the bloodstained backyard. Indeed, the jury obviously reached the same conclusion. Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988).
This assignment lacks merit.

Excessive Sentence
In the other assignment of error, defendant contends that his term of imprisonment is excessive. However, the record does not contain a motion to reconsider sentence, as necessitated by LSA-C.Cr.P. Art. 881.1. That article, applicable thirty days following the effective date of the new sentencing guidelines (January 1, 1992, per Louisiana Register 17:12), precludes "the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Here, failing to comply appropriately with that provision, defendant is barred from presenting a claim of excessiveness.

Errors Patent
Finally, defendant requests that we examine the record for errors patent. Of course, all criminal appeals are reviewable for such errors. LSA-C.Cr.P. Art. 920(2). In this case, however, our inspection reveals none.

CONCLUSION
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant's assignment additionally is based upon the denial of a motion for new trial that asserted the verdict to be contrary to the law and the evidence. See LSA-C.Cr.P. Art. 851(1). In response to such a motion, only the weight of the evidence may be reviewed by the trial judge. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). See also Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Moreover, the refusal to grant such a motion is not subject to appellate review. LSA-C.Cr.P. Art. 858; State v. Korman, supra. In any event, defendant's argument centers around the question of sufficiency of evidence, an issue that properly should be posed by a motion for postverdict acquittal. See LSA-C.Cr.P. Art. 821. Here, of course, that procedural device proved unsuccessful, as explained above.
[2] LSA-R.S. 14:42.1 defines forcible rape as follows:

Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.