LINDSAY, Judge.
The defendant, Christopher B. Epperson, having pled guilty to attempted armed robbery, appeals from his sentence of 15 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant’s arguments regarding his sentence are not properly before the court because he has failed to comply with LSA-C.Cr.P. Art. 881.1, requiring that a motion to reconsider a sentence must first be filed in the trial court before a sentence may be attacked on appeal. Finding no error patent, we affirm.
FACTS
On May 17, 1991, at approximately 6:50 a.m., Dorcas Low arrived at work at her family business. Upon entering the office, she was confronted by a man who appeared in the doorway and demanded money. When Ms. Low told him there was none, the man attacked her with a claw hammer. Ms. Low was struck on the head five times and was rendered unconscious. The assailant took a bank bag containing $574.50 from the office, but dropped it by the front door inside the business. The claw hammer and two latex gloves were found lying at the foot of a filing cabinet. One drawer of the cabinet was freshly damaged. The marks on the drawer were consistent with the claw hammer. The assailant fled the scene without taking any money.
An alarm at the business had been triggered and law enforcement officers arrived soon afterward. Ms. Low had regained consciousness, but had sustained a serious head injury. She was taken to a local hospital where it was determined she had sustained a multiple compound traumatic depressed skull fracture with brain lacerations. She underwent emergency brain surgery. Ms. Low has permanent damage from her injuries.
Ms. Low named the defendant, Chris Ep-person, whom she knew, as her assailant. The defendant had worked at the business, but had been terminated after he walked off the job in January, 1991. Ms. Low also identified the defendant from a photographic lineup.
The defendant surrendered himself to law enforcement officials and, after being informed of his Miranda rights, admitted that he attempted to take the money from the business and admitted striking Ms. Low with the claw hammer.
The defendant was originally charged with attempted armed robbery and aggravated battery. However, on December 2, 1991, pursuant to a plea agreement, the defendant entered a plea of guilty to attempted armed robbery. In exchange for the plea, the charge of aggravated battery was dismissed. Also, a sentencing cap of 25 years was agreed upon.
On April 3, 1992, the defendant appeared in court with his retained counsel for sentencing. The trial court sentenced the defendant to serve 15 years at hard labor, without benefit of parole, probation or suspension of sentence.
APPEAL OF SENTENCE
The defendant appealed from the trial court’s sentence, alleging that the sentence imposed was excessive, that the trial court improperly relied upon a hearsay document *1035 in imposing sentence and erred in departing from the sentencing guidelines. All assignments of error urged by the defendant attack the sentence imposed by the trial court.
However, the record fails to show that the defendant complied with the requirements of LSA-C.Cr.P. Art. 881.1. That article provides that the failure to file a motion to reconsider sentence in the trial court precludes consideration by this court, of any objections to the sentence. The statute provides as follows:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
This article, applicable 30 days following the effective date of the new sentencing guidelines (January 1, 1992, per Louisiana Register 17:12) precludes “the state or defendant from raising an objection to the sentence or from urging any grounds not raised in the motion on appeal or review.” This provision was in effect when the defendant was sentenced on April 3, 1992. Because the defendant has failed to comply with this provision, he is barred from attacking his sentence on appeal. See State v. Bush, 604 So.2d 1383 (La.App.2d Cir.1992); State v. Bryant, 607 So.2d 11 (La.App.2d Cir.1992).
ERROR PATENT
In his assignments of error, the defendant requests that we examine the record for errors patent. Although the defendant did not mention this assignment in his brief, all criminal appeals are reviewable for error patent. LSA-C.Cr.P. Art. 920(2). Our inspection of the record reveals no such error.
CONCLUSION
For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.