PER CURIAM.
The defendant, Sean Forney, pled guilty to possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966(A)(1). He was sentenced to 10 years at hard labor. The defendant appeals his *804 sentence as excessive. For the reasons assigned below, we affirm.
FACTS
The defendant was a passenger in a vehicle driven by Randy Pfeil when it was stopped for speeding on 1-20 in Webster Parish. A search of the car resulted in the seizure of 51 packages of marijuana, each of which weighed more than one pound. In total, more than 60 pounds of marijuana were discovered.
The defendant and Pfeil were originally charged with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966(A)(1), and possession of marijuana in a quantity of more than 60 pounds, in violation of LSA-R.S. 40:966(E)(1). Pursuant to a plea bargain, the defendant pled guilty to the charge of possession of marijuana with intent to distribute, and the other charge against him was dismissed.
On August 31, 1992, the trial court sentenced the defendant to a term of 10 years at hard labor with credit for time served. The defendant neither orally moved for reconsideration of sentence at the time of sentencing nor did he thereafter file a written motion for reconsideration.[1]
The defendant appealed his sentence, claiming that it is excessive. However, LSA-C.Cr.P. Art. 881.1 precludes “the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion [to reconsider sentence] on appeal or review.” This article, applicable 30 days following the effective date of the new sentencing guidelines (January 1, 1992, per Louisiana Register 17:12), was in effect when the defendant was sentenced on August 31, 1992. The defendant’s failure to comply with this article bars him from presenting a claim for excessiveness on appeal. See State v. Bryant, 607 So.2d 11 (La.App. 2d Cir.1992); State v. Epperson, 609 So.2d 1033 (La.App. 2d Cir.1992).
Therefore, the issue of excessive sentence is not properly before this court.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The state’s brief erroneously recited that the defendant requested reconsideration of his sentence. However, the supplemental minutes reveal that the only motion for reconsideration was filed by his co-defendant, Pfeil.