CARTER, Judge.
Defendant, Andre Carter, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. The charge arose from an incident in which defendant, using a crowbar, broke into a house and stole a television set. A plea bargain arrangement was made whereby defendant agreed to plead guilty to the charge and was guaranteed a sentence not to exceed six years in the custody , of the Department of Corrections. In addition, the state guaranteed that it would not file a habitual offender bill against defendant. Thereafter, defendant pled guilty and was sentenced to six years in the custody of the Department of Corrections.
On appeal, defendant contends that the trial court imposed an excessive sentence. In support of this contention, defendant argues that the trial court failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 and that, therefore, the record is inadequate for purposes of appellate review.
During the Boykin examination, the trial judge asked defendant the following:
Q You are declaring that no officer, agent, or any branch of government has promised or suggested you will receive a lighter sentence, probation, or any form of leniency if you plead guilty today, except I have indicated to your attorney I will give you no more than one-half the maximum sentence the law provides for this offense, which is up to six years in prison? Do you understand that?
A Yes, sir.
* * * * * *
Q Okay. You understand the sentence you will receive is the sole discretion of myself as Judge in this matter, and where you hope to receive leniency, you are prepared to accept those six years I told your attorney I was going to give you in this matter?
A Yes, sir.

Q You will note on the plea bargain agreement there that I have written in that that I will give you no more than six years in D.O.C. and the District Attorney has indicated he will not file the Habitual Offender Statute against you in this case?
A Yes, sir.
Q That accurately reflects the deal that you have in this matter, is that correct?
A Yes, sir.
Following the Boykin examination, defendant waived sentencing delays and the trial judge sentenced defendant as follows:
Q Okay. Mr. Carter, because of your previous record, of which I have been made aware by the District Attorney and your defense counsel, and because of your plea herein and the bargain that you and I had together and the District Attorney with regard to this particular matter, it is the sentence of this Court that you be confined to the Department of Corrections for a period of six years....
Where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by art. 894.1. State v. Edwards, 434 So.2d 395 (La.1983); State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir. 1983); State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983). See also, State v. Bell, 412 So.2d 1335 (La.1982). Because defendant entered into a plea bargain agreement with a specific sentence, we find that the requirements of art. 894.1 are not mandated. We further find that defendant is precluded from challenging the exces-siveness of his sentence. Accordingly, we find no merit in this assignment of error.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.