481 So.2d 665 (1985)
STATE of Louisiana
v.
Scott Lee BROWN.
No. KA 85 0609.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Camille Morvant, II, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State of La.
Harold Sonnier, Thibodaux, for defendant-appellant Scott Lee Brown.
Before LOTTINGER, COLE and CRAIN, JJ.
*666 CRAIN, Judge.
Scott Lee Brown was charged by bill of information with theft of two guns valued at more than five hundred dollars in violation of LSA-R.S. 14:67.[1] Defendant pled not guilty and, after a jury trial, was found guilty as charged. Defendant was subsequently charged as a second felony habitual offender. Thereafter defendant and the district attorney entered into a plea bargain which was ultimately accepted by the trial court. In accordance with the plea bargain, the trial court accepted defendant's guilty plea to the habitual offender bill and sentenced defendant to a term of imprisonment at hard labor for twelve years.
Defendant brings this appeal, urging three assignments of error. The trial court erred by denying the motion for acquittal on the basis of: (1) insufficiency of the evidence, (2) failure of the state to prove every element of the case, and (3) the sentence rendered by the trial court is excessive.
The record reveals that police officers were summoned to a retail department store because a store employee reported observing defendant take two guns from a display case and conceal them inside his clothing. After being identified by the store employee, defendant was arrested at the scene and subsequently charged with the instant offense.

ASSIGNMENTS OF ERROR NOS. ONE AND TWO:
By means of these assignments, defendant generally asserts error in the trial court failing to grant a motion for acquittal. The record before us does not indicate that a motion for post-verdict judgment of acquittal, or other similarly styled motion, was ever filed. However, we will address the substance of defendant's assignments as questioning sufficiency of the evidence.
A review of pertinent trial testimony reveals that Emery "Jay" Duplantis, co-manager of the department store, observed a man, later identified as defendant, twice reach over the unattended pistol display case and, on each occasion, grab something and place that object in his pants. On the second occasion Mr. Duplantis determined the object grabbed by defendant was a pistol. He was able to discern the pistol's stainless steel chamber when defendant made a partial turn in his direction. At the time of his observations, Mr. Duplantis was standing some twenty feet from the display case at a location which presented a direct, unobstructed view of defendant. As defendant turned in his direction, Mr. Duplantis made eye contact with defendant and perceived that defendant recognized his identity as a store employee. Mr. Duplantis was wearing a clearly visible store name tag. Because weapons were involved, Mr. Duplantis sought assistance, thereby abandoning his surveillance of defendant.
The incident was reported to the store manager, Edwin Harlan. Mr. Harlan proceeded directly to the pistol display case and observed that two pistols were missing from the top shelf.
The attendant on duty at the gun counter, Tammy Guidry, testified that she had left the case unlocked and unattended for several minutes while she searched for a calculator to assist two prospective customers. When she returned to the area behind the case, a man identified as Keith Jackson and another man, whom she was unable to identify, remained standing where she had left them in front of the gun display case. Jackson advised Ms. Guidry that he would return on the following Friday to place a pistol on layaway, and the two men departed. Some five minutes later, Mr. Harlan presented himself at the counter and observed that two pistols were missing from the display case.
The incident was reported to the police, who dispatched an officer. After hearing a detailed account, the officer arrested defendant, *667 who was still inside the store. At the time of his arrest, defendant was in the presence of Keith Jackson. Defendant did not have the guns in his possession when arrested. However, while the officer was still on the scene, a store employee found the two guns in a disposable roasting pan located about one hundred feet from the gun display case. The guns still had the store identification tagging which enabled determination of the value of the items.
Viewed in the light most favorable to the state, the evidence presented was sufficient to convince a reasonable juror beyond a reasonable doubt that defendant committed the offense charged. In brief, defendant argues that Mr. Duplantis' testimony was incredible and that the state failed to prove defendant took the pistols with the intent of permanently depriving the store of its property. It is well settled that the trier of fact may accept or reject in whole or in part the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984). After weighing the evidence, the trier of fact apparently found Mr. Duplantis' reported observations credible. The unauthorized removal of the guns from the closed display case clearly constituted an "exercise of wrongful dominion" or "unauthorized control" of the object of the theft, satisfying the theft requirement of "misappropriation or taking". La.R.S. 14:67; State v. Victor, 368 So.2d 711 (La. 1979). The fact that the guns were not removed from the store, or even from the general area where they were kept, does not control. See State v. White, 404 So.2d 1202 (La.1981). Intent to permanently deprive may properly have been inferred from the facts and circumstances of defendant's actions, which included secret removal of the guns from the display case and concealment of them under his clothing.
For the foregoing reasons, these assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment, defendant contends the trial court erred by imposing an excessive sentence.
In the instant case, defendant entered into a plea bargain agreement wherein he pled guilty to the multiple offender bill with the express understanding that he would receive a twelve year sentence, and he was sentenced accordingly. When a defendant has entered into a plea bargain agreement, which includes the sentence to be imposed, he is precluded from challenging the sentence for excessiveness. State v. Cotton, 471 So.2d 1017 (La.App. 1st Cir. 1985); State v. Carter, 460 So.2d 72 (La. App. 1st Cir.1984). Thus, we find no merit in this assignment of error.
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The instant bill of information originally charged defendant with theft of two guns valued at more than one hundred dollars. Prior to trial on the merits, the bill was amended to reflect a value of more than five hundred dollars, and defendant was rearraigned.