CARTER, Judge.
Edward Butler was charged by bill of information with one count of theft of property valued between $100.00 and $500.00, a violation of LSA-R.S. 14:67. He was tried by a jury, which convicted him as charged. The trial court imposed a sentence of two years at hard labor. Defendant appealed, urging two assignments of error, as follows:[1]
1. The trial court erred by incorrectly charging the jury as to the elements of the offense.
2. The evidence is not sufficient to support the verdict.
FACTS
Defendant was charged with the theft of a videocassette recorder valued at $388.00 from a department store in Bogalusa, Louisiana. Delores Smith, one of the store clerks, observed defendant walk toward a back door of the store which was not used for public access. Ms. Smith testified that the door was usually kept locked, but was unlocked at that time because she had recently completed a sale and permitted the customer to leave through it. She related that, as she completed the paperwork on the sale and turned to lock the door, she saw defendant approach the door, carrying a boxed videocassette recorder. Ms. Smith further testified that she shouted at him to stop, thereby alerting the store manager, Lillie Celfau. Defendant put the box on a washing machine display near the door and ran through the door into a parking lot as the two women gave chase. Defendant was apprehended at the end of the parking lot and returned to the store. Before Bo-galusa police officers arrived, defendant gave a statement to Ms. Celfau and Ms. Smith in which he initially claimed that he entered the store to use its restroom facilities. Defendant later told them that he could take one of the videocassette recorders because there were so many in the store and that he could not be charged with an offense because he had not removed the merchandise from the store. Defendant later gave a statement to police officers in which he claimed that he had heard it was possible to take merchandise from the *685 store by exiting through the back door and had decided to try the plan.
IMPROPER JURY INSTRUCTION
By assignment of error number one, defendant contends the court erred by improperly defining theft as “the slightest misuse of property belonging to another.” He contends this erroneous jury instruction resulted in reversible error.
Initially, we note that the instruction given by the trial court was requested by the state in a special jury charge reviewed by defendant before the court’s final instructions. Defendant did not object at that time. Thus, defendant waived his right to complain of the jury instructions on appeal. LSA-C.Cr.P. art. 801.
Moreover, the instruction given by the court was correct. The definition of theft provided by the court included the following:
An element of theft which must be proven beyond a reasonable doubt is that there must be a taking or misappropriation. In other words, there must be an exercise of wrongful dominion or unauthorized control of the property. The slightest misuse of anything belonging to another shall be sufficient, if you are satisfied beyond a reasonable doubt that unauthorized control happened. Thus, if property has not been removed from the place of dominion or from the general area it is kept, but you find beyond a reasonable doubt that there had been wrongful dominion or unauthorized control, you may properly conclude that this element has been proven. However, all elements of the offense in addition to that of misappropriation or taking must be proven also to your satisfaction and beyond a reasonable doubt.
LSA-R.S. 14:67 defines theft as “the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.” The Official Revision Comment to LSA-R.S. 14:67 notes that the slightest misuse of anything belonging to another is a sufficient asportation or removal of the property if the trier of fact determines the offender’s activity was sufficient to amount to a “taking.”
In setting forth its request for the special charge, the state specifically referred to the holdings of the Louisiana Supreme Court in State v. White, 404 So.2d 1202 (La.1981) and State v. Victor, 368 So.2d 711 (La.1979). In Victor, the Court considered the elements of a charge of theft. It specifically defined a “misappropriation” as the exercise of wrongful dominion and a “taking” as the unauthorized control of the property of another. These definitions were reaffirmed in White. The instruction by the trial court incorporated the language of these two decisions and the Official Revision Comment relative to the element of asportation, which was also approved in Victor. Thus, the trial court properly defined the elements of theft. This assignment of error has no merit.
SUFFICIENCY OF THE EVIDENCE
By assignment of error number two, defendant submits that the evidence is not sufficient to support the verdict. He claims that the jury was invited to return a conviction upon a lesser standard of guilt by the allegedly erroneous jury instruction previously discussed. He contends that the state failed to prove that a “misappropriation or taking” occurred and that it is likely the jury would have returned a verdict of guilty of attempted theft if proper instructions had been given.
As previously noted, the court properly instructed the jury that the element of a misappropriation or taking would be satisfied if the jurors found that defendant exercised a wrongful dominion or unauthorized control over the property of another, even if they found the property had not been removed from the place of dominion or from the general area in which it was kept. The trier of fact apparently found that defendant’s actions in taking the vi *686 deocassette recorder to a door through which the public was not permitted aceess constituted a wrongful dominion or unauthorized control sufficient to satisfy the element of a misappropriation or taking. The fact that the merchandise was not removed from the store, or even from the general area in which it was kept, is not controlling. State v. Brown, 481 So.2d 665 (La.App. 1st Cir.1985), writ denied, 488 So.2d 198 (La.1986). The intent to permanently deprive may have been properly inferred from the facts and circumstances of defendant’s actions, including his use of a private door and flight from the store, his statements to the Bogalusa police officers admitting that he intended to take the merchandise, and his remarks to Ms. Celfau and Ms. Smith, evidencing guilty knowledge.
Viewed in the light most favorable to the prosecution, the evidence presented was sufficient to convince a rational trier of fact beyond a reasonable doubt that defendant committed the offense charged. LSA-C.Cr.P. art. 821. The court properly instructed the jurors on the verdicts responsive to a charge of theft, including attempted theft. The verdict indicates the jury rejected defendant's claim that the completed offense had not been proven, a determination well within the province of the trier of fact. This assignment of error has no merit.
CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant's appeal was originally lodged in this Court as docket number KA 86 0659. In that appeal, defendant set forth two assignments of error in which he claimed the evidence was not sufficient and the sentence imposed was excessive. That appeal was dismissed by this Court because defendant failed to file a brief. Defendant later attempted to reinstate his appeal. The trial court granted his application for post-conviction relief, and this appeal followed. The assignments of error considered herein are those filed in the appellate record after the second order of appeal was granted by the court below.