WATKINS, Judge.
James L. Stewart was charged by bill of information with two counts of unauthorized use of a movable, in violation of LSA-R.S. 14:68. In return for the state’s promise that it would not file a petition charging defendant as a multiple offender, defendant agreed to plead guilty as charged to each count. The agreement also included a provision that defendant would be sentenced to serve two and one-half years for each conviction, the sentences to be served consecutively. Defendant appealed, urging as his only assignment of error that the sentences imposed are excessive.
Defendant was charged with the unauthorized use of two automobiles, each val *445 ued at more than $1,000.00. The trial court’s reasons for the imposition of the sentences reflect that, at the time of the commission of these offenses, defendant was on probation for another “theft-related” offense.
When a defendant has entered into a plea bargain agreement which includes the sentence to be imposed, he is precluded from challenging the sentence for excessiveness. State v. Brown, 481 So.2d 665 (La.App. 1st Cir.1985), writ denied, 488 So.2d 198 (La. 1986). The record before us contains a written plea agreement signed by defendant and his counsel in which defendant states that, as a part of the plea bargain, the “ct. will sentence [defendant] to 2lh yrs on each count, consecutively. D.A. will not file Hab. Off. Act.” [Emphasis original.] Since defendant entered the guilty pleas with the agreement to accept specific sentences, and the court sentenced him in accordance with the agreement, defendant is precluded from challenging the sentences for excessiveness. Accordingly, this assignment of error has no merit, and the sentences are affirmed.
AFFIRMED.