584 So.2d 1216 (1991)
STATE of Louisiana, Appellee,
v.
R.L. JOHNSON, Appellant.
No. 22585-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
Writ Denied November 15, 1991.
Carl F. Survine, Asst. Indigent Defender, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Jack A. Williams and Tommy L. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, R.L. Johnson, was convicted of theft of property valued at more than $100 but less than $500. The defendant filed motions for new trial and for post verdict judgment of acquittal, claiming the verdict was contrary to the law and the evidence and that the evidence failed to support his conviction. The trial court denied the motions and sentenced the defendant *1217 to serve one year at hard labor. The defendant appealed, arguing that the trial court erred in denying his motion for new trial. We affirm the trial court judgment.

FACTS
At approximately 2:00 p.m. on August 21, 1989, an off duty police officer, while on his way to work at the Shreveport Police Department, observed the defendant throwing light fixtures over the fence of the storage yard of Ark-La-Tex Oilfield Service, Inc. (Ark-La-Tex). The business is located outside the Shreveport city limits and had been closed for several years. At the time of this incident, the Ark-La-Tex property was being used for the storage of oilfield equipment. The lights were designed for use on oil well drilling rigs and are specially designed and sealed to prevent explosions during oil well blowouts.
After the defendant had thrown the lights over the fence, the officer then saw the defendant crawl under the fence and place the light fixtures into a companion's car which was parked nearby.
Because Officer Lee was outside the Shreveport city limits, Caddo sheriff's deputies were notified and they came to the scene where the officer had detained the defendant and his companion. When the deputies arrived, the defendant, who collects and sells scrap metal for a living, claimed that he located the light fixtures on a trash pile near a railroad track while walking along the unfenced rear boundary of the Ark-La-Tex property. The defendant was without transportation and enlisted the aid of his companion who had a car, to go with him to Ark-La-Tex to pick up the light fixtures and take them to a salvage yard to be sold for scrap. The defendant contended he had no intent to steal the light fixtures but that because he found them on a trash pile, he assumed they had been abandoned. He acknowledged, however, that the property was fenced along three sides and that he exited the property by crawling under the fence.
The owner of the business was contacted and he stated that the light fixtures were not abandoned. The investigation revealed no light fixtures in any trash pile on the property and light fixtures were missing from the drilling rigs. The defendant was arrested and charged by bill of information with theft of property valued at more than $500, a violation of LSA-R.S. 14:67.
The case was tried by jury and on June 5, 1990, the jury found the defendant guilty of theft of property valued at more than $100 but less than $500. Prior to sentencing, the defendant filed motions for post verdict judgment of acquittal and for new trial, claiming that the verdict rendered by the jury was contrary to the law and evidence. The trial court denied the defendant's motions, finding that the defendant's version of the case was not credible and the jury did not err in rendering a verdict of guilty. On June 13, 1990, the court sentenced the defendant to serve one year at hard labor.
The defendant appealed, arguing that the trial court erred in denying his motions for new trial and for post verdict judgment of acquittal. The defendant also claimed that the sentence imposed was excessive and asked that we review the record for errors patent on the face of the record.

MOTION FOR NEW TRIAL
In his brief, the defendant has argued only one assignment of error. The defendant contends that the trial court "erred in denying the Motion for New Trial due to the evidence being contrary to law." The defendant contends that, because he thought the lights were abandoned, he did not intend to permanently deprive the owner of the property. Therefore, he did not have the criminal intent necessary to constitute the crime of theft. He contends that because the evidence presented at trial fails to establish an essential element of the crime of theft, the verdict against him was contrary to the applicable law and the trial court erred in failing to grant his motion for new trial.
In denying the motion for new trial, the trial court stated "the evidence clearly was such that a jury would be able to determine that the defendant was guilty as charged...." On this basis, the court *1218 overruled both the motion for new trial and the motion for post verdict judgment of acquittal.[1]
The defendant's contention that the trial court erred in denying his motion for new trial essentially raises the issue of sufficiency of evidence. The defendant contends that the evidence was not sufficient to prove, beyond a reasonable doubt, all the elements of the offense with which he was charged. In considering a motion for new trial, a trial court may assess only the weight of the evidence. The sufficiency of the evidence should be raised by motion for post verdict judgment of acquittal. State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1989). Ordinarily, there is no appeal from the trial court's refusal to grant a motion for new trial except for error of law. LSA-C.Cr.P. Art. 858; State v. Johnson, 513 So.2d 832 (La.App. 2d Cir.1987), writ denied 519 So.2d 124 (La.1988); State v. Seay, supra; State v. Vessell, 496 So.2d 576 (La.App. 1st Cir.1986), writ denied 500 So.2d 420 (La.1987). However, because the subject of this argument is really sufficiency of evidence and this is a constitutional issue, it is to be treated as though it had been properly framed as a motion for post verdict judgment of acquittal under LSA-C.Cr.P. Art. 821. State v. Seay, supra.
The defendant was charged with theft, a violation of LSA-R.S. 14:67 which provides:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever of may be the subject of the misappropriation or taking is essential.
The defendant argues that intent is an essential element of this offense and that the evidence presented was insufficient to prove this element. Proof of specific intent is required where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence. State v. Johnson, 368 So.2d 719 (La.1979). LSA-R.S. 14:10(1) defines specific intent as that state of mind which exists where the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Because it is a state of mind, intent need not be proven as a fact, but may be inferred from the circumstances of the transaction and the action or inaction of the defendant. State v. Butler, 521 So.2d 683 (La.App. 1st Cir.1988); State v. Hernandez, 503 So.2d 1181 (La.App. 3rd Cir.1987). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the standards set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Doby, 540 So.2d 1008 (La.App. 2d Cir.1989).
Under Jackson v. Virginia, supra, the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. LSA-C.Cr.P. Art. 821.
The Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. An appellate court reviewing the sufficiency of evidence must resolve any conflict in direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts *1219 established by the direct evidence and inferred from the circumstantial evidence must be sufficient to persuade a rational fact finder beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
Under the evidence presented in this case, viewing the evidence in the light most favorable to the prosecution, that evidence was sufficient for the jury to find that the defendant was guilty of every essential element of the crime of theft, including the element of intent, beyond a reasonable doubt.
Crawford Lee, Jr., of the Shreveport Police Department, testified that around 2:00 p.m. on August 21, 1989, he observed the defendant throwing the light fixtures over the fence at Ark-La-Tex. He then observed the defendant crawl out under the fence, which had a locked gate. He then saw another man help the defendant load the items in a car.
Mr. Chester Davis, the owner of Ark-La-Tex, testified that the business, which originally engaged in constructing oil well drilling rigs, was closed. Mr. Davis stated that the front and sides of the property were fenced, but the back portion of the property contained dense undergrowth which limited access to the property from the rear. Therefore, that portion of the property had not been fenced. He stated that the property was used primarily as a storage facility for oil field equipment. Mr. Davis identified the lights taken by the defendant as explosion-proof fluorescent light fixtures which had apparently been removed from a drilling rig that was stored on the property. In response to the defendant's allegation that the lights were on a trash pile at the rear of the property, Mr. Davis stated that these lights, valued at approximately $400 each, were reserviceable and there would never be any reason to discard them. Mr. Davis added that the defendant did not have permission to be on the property or to remove the light fixtures from the property.
The defendant contended that he made his living collecting scrap metal and that when he found the light fixtures, they were on a trash pile. However, the defendant admitted on cross-examination that the property where the lights were located was fenced and locked and he admitted that when he placed the lights over the fence, he knew that he was on someone else's property.
During sentencing, the trial court noted that the defendant was "obviously lying" when he was on the witness stand. The court stated that the defendant was a poor witness in his own defense because his answers were evasive.
In the present case, the jury clearly rejected the defendant's explanation for his actions. The evidence showed that the defendant knew the property where the lights were located was fenced and locked. The defendant knowingly went into this fenced area without permission, removed the light fixtures, placed them over the fence and then crawled out under the fence. From this evidence, specific intent to commit theft can be inferred.
Viewing all of the evidence in the light most favorable to the prosecution, the evidence was clearly sufficient to prove every element of the offense of theft beyond a reasonable doubt. Therefore, the trial court was correct in overruling the defendant's motion for new trial and his motion for post verdict judgment of acquittal.

ERRORS PATENT
In his assignments of error, the defendant requested that this court review the entire record for errors patent on the face of the record. We have conducted such a review and find no such error.

CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, R.L. Johnson, are affirmed.
AFFIRMED.
NOTES
[1] In his assignments of error, the defendant claimed not only that the trial court erred in failing to grant his motion for a new trial, but also in failing to grant his motion for post verdict judgment of acquittal. The defendant also assigned as error the alleged excessiveness of his sentence. The defendant failed to argue the issue of excessive sentence and the denial of his motion for post verdict judgment of acquittal in his brief. Therefore, these issues are considered to be abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La. 1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989). However, for reasons explained infra, although the issue of the denial of the motion for post verdict judgment of acquittal is technically abandoned, that assignment of error will be considered.