763 So.2d 733 (2000)
George HAYES and Eugene P. Redmann, Individually and on/Behalf of the Class Sought to be Represented and Certified
v.
FIRST COMMERCE CORPORATION d/b/a First National Bank of Commerce.
No. 99-CA-2985.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2000.
*734 Lawrence D. Wiedemann, Eugene P. Redmann, New Orleans, LA, Counsel for Plaintiffs-Appellants, George Hayes, et al.
John W. Hite, III, Brian D. Roth, Sessions & Fishman, New Orleans, LA, Counsel for Defendant-Appellee, Bank One, Louisiana, N.A., Successor to First National Bank of Commerce.
Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY.
*735 KLEES, Chief Judge.
Plaintiff George Hayes ("Hayes") appeals a judgment of the trial court finding that his original, first, second, and third supplemental petitions do not state a cause of action. For the reasons stated more fully herein, we affirm the trial court's judgment.

FACTS
On March 31, 1996, Hayes filed a class action suit against defendant First Commerce Corporation.[1] His original petition alleged in part:
3.
Since on or about August 1, 1996, defendant has been improperly charging a two dollar "check cashing fee" on all checks drawn on commercial checking accounts when presented for payment at any of its branch offices when the payee does not have a First National Bank of Commerce account, contrary to Louisiana law;
* * *
10.
Additionally, defendant's actions are in violation of the Unfair Trade Practices Act, R.S. 51:1405 and seq and defendant is therefore liable unto your petitioners for damages in an amount that is reasonable in the premises and to be determined by the trier of fact in this cause;
On July 7, 1998, Hayes filed a first supplemental and amending petition naming First National Bank of Commerce ("FNBC") as an additional defendant.[2]
On July 23, 1998, FNBC filed a dilatory exception of vagueness and ambiguity. On October 5, 1998, the trial court granted the exception of vagueness and gave Hayes fifteen days to amend the petition to "set forth the particular Unfair Trade Practices Act provisions, and the particular conduct by First National Bank of Commerce which they allege to be violative of the provisions set forth." Further, the trial court stated that "to the extent plaintiffs are alleging any cause of action in addition to those under the Unfair Trade Practices Act, then plaintiffs must set forth the specific Louisiana law or statute they allege the defendants have violated, and the specific conduct or actions of the defendants which they allege to be violative of those laws."
On October 20, 1998, Hayes then filed a second supplemental and amending petition. His petition alleged in part:
1.
Louisiana's Unfair Trade Practices and Consumer Protection Law, R.S. 51:1405 provide in pertinent part, as follows: `Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.';
* * *
3.
By forcing payees of checks drawn on commercial accounts to either open deposit accounts with FNBC or pay defendant a check cashing fee, defendant, FNBC, is in violation of the Unfair Trade Practices and Consumer Protection Law, R.S. 51:1405 et seq;
4.
By forcing payees of checks drawn on commercial accounts to open deposit accounts with FNBC or be denied the convenience of using the drive-up lanes, defendant, FNBC, is in violation of the *736 Unfair Trade Practices and Consumer Protection Law, R.S. 51:1405 et seq;
5.
Title 10 Section 3-104 defines negotiable instrument, in pertinent part, as "an unconditional promise or order to pay a fixed amount of money..."
6.
The commercial checks that FNBC charges $2.00 fees to cash are negotiable instruments as defined by Title 10 of the Louisiana law and contain unconditional orders to pay a sum certain to the payees;
7.
By placing the condition of paying $2.00 on the payees of commercial checks, FNBC is in violation of the commercial laws of Louisiana found at R.S. 10:3-104 et seq;
On December 7, 1998, FNBC filed a dilatory exception of vagueness and a peremptory exception of no cause of action. FNBC alleged that the exception of no cause of action be granted because the Unfair Trade Practices Act expressly excludes banks from its coverage. FNBC argued that banking activities are regulated by the Office of the Comptroller of the Currency pursuant to 15 U.S.C. § 57(a)(f). FNBC also argued that the exception of vagueness be granted because the petition fails to set forth the specific statute Hayes alleges was violated, and the specific conduct Hayes alleges was violative of that statute.
On February 3, 1999, the trial court granted both the exception of vagueness and exception of no cause of action. The trial court dismissed the claim pursuant to the Unfair Trade Practices Act with prejudice, and ordered Hayes "to amend his petition to set forth the particular negotiable instrument provisions which he alleges to be applicable to his cause of action, and the particular conduct by First National Bank of Commerce which he alleges to be violative of the provisions set forth."
On February 22, 1999, Hayes filed a third supplemental and amending petition. The petition stated in part:
3.
Comment 4 of Title 10 Section 3-104 states, in pertinent part, "[a]ny writing which meets the requirements of subsection (1)...is a negotiable instrument, and all sections of this Article [La.R.S. 10:3-101-10:807] apply to it..."
4.
By placing the condition of paying $2.00 on the payees of commercial checks when the payee does not have an account, FNBC is in violation of R.S. 10:3-104;
5.
FNBC has misappropriated funds from the payees of its commercial checks who do not have an account FNBC account;
On April 5, 1999, FNBC filed a peremptory exception of no cause of action. FNBC alleged that LSA-R.S. 10:3-104 is a definitional provision and neither imposes a duty on a bank nor provides any private cause of action. Further, FNBC argued that Louisiana law does not prohibit the imposition of a $2 check cashing fee in order to cash checks presented by noncustomers of the bank.
On May 13, 1999, the trial court granted the exception of no cause of action and dismissed with prejudice all claims against FNBC. Specifically, the trial court found that, as a matter of law, "the plaintiff has failed to state a cause of action under the Louisiana Commercial Laws and cannot state a cause of action pursuant to the statutory definition of a negotiable instrument as set forth in LSA-R.S. 10:3-104, nor has or can plaintiff plead facts sufficient *737 to state a cause of action for conversion or misappropriation of funds." Hayes appeals this final judgment.

DISCUSSION
The purpose of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords remedy. All well pleaded factual allegations must be accepted as true. The exception of no cause of action is decided upon the face of the petition. De Blanc v. International Marine Carriers, Inc., 99-0482, (La.App. 4 Cir. 12/15/99), 748 So.2d 649, writ denied, XXXX-XXXX (La.3/31/00) 759 So.2d 75 citing Hoskin v. Plaquemines Parish Gov't, 98-1825, p. 10 (La.App. 4 Cir. 8/4/99), 743 So.2d 736. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. C.C.P. art. 931.
The standard for granting an exception of no cause of action is as follows:
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the nonmoving party. In reviewing a trial court's ruling sustaining an exception of no cause of action, the [appellate court] should subject the case to de novo review, because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
In appraising the sufficiency of the petition, [the reviewing court] follow[s] the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because the plaintiffs allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide relief on any possible theory.
De Blanc, 748 So.2d at 651-652 (quoting City of New Orleans v. Board Commissioners of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237).
Hayes contends that he has adequately alleged a cause of action under both Louisiana's negotiable instrument laws and "misappropriation" and thus, the trial court erred in granting the exception of no cause of action and dismissing the suit against FNBC. Specifically, Hayes argues that FNBC is in violation of R.S.10:3-104 of the Commercial Code by placing a condition of paying $2.00 on the payees of commercial checks when the payee does not have an FNBC account. Hayes also argues that FNBC has misappropriated money from the public by charging the $2.00 check cashing fee. Hayes' argument is without merit.
First, we agree with FNBC that R.S. 10:3-104 is clearly a definitional provision which merely sets out the requirements needed for an instrument to be considered a negotiable instrument. As such, we find that R.S.10:3-104 does not provide any private cause of action. Second, we agree with FNBC that the $2.00 check-cashing fee fails to give rise to a claim for "misappropriation." A "misappropriation" is defined as the exercise of wrongful dominion and a "taking" as the unauthorized control of the property of another. State v. Butler, 521 So.2d 683, (La.App. 1st Cir.1988). In this case, Hayes is voluntarily choosing to do business with FNBC. Additionally, there is nothing illegal about charging a check-cashing fee.
*738 For the reasons stated above, we affirm the trial court's judgment finding that Hayes' petition fails to sufficiently state a cause of action under either the Commercial Code or "misappropriation."
AFFIRMED.
NOTES
[1] On October 16, 1998, Hayes dismissed First Commerce Corporation because it was a holding company and did not conduct banking business.
[2] Defendant Bank One is the successor in interest to defendant FNBC.