862 So.2d 452 (2003)
STATE of Louisiana, Appellee,
v.
Christopher McGEE, Appellant.
No. 37,919-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*453 Louisiana Appellate Project by James E. Beal, Jonesboro, for Appellant.
Indigent Defender Board by Mary L. Harried, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Shenequa L. Grey, Assistant District Attorneys, New Orleans, for Appellee.
Before STEWART, DREW and LOLLEY, JJ.
STEWART, J.
The defendant, Christopher S. McGee, was charged with attempted second degree murder, tried by jury, convicted of aggravated battery, and sentenced to six years at hard labor. The defendant now appeals his conviction and sentence. We affirm.

FACTS
On September 12, 2000, the victim, K.C., a juvenile, was walking with a friend on Sunny Brook Street in Shreveport when the defendant, who was driving a white Chevrolet van, swerved towards K.C., almost hitting him. The defendant, who knew K.C. from the neighborhood, then turned the van around and drove back toward K.C., who had gotten onto the curb. The defendant drove the van onto the curb and struck K.C. The impact occurred at the top center of the van's hood. After impact, K.C. was dragged approximately 157 feet before he fell free from the *454 van. K.C. sustained fractures of the pelvic area, including a fracture of the acetabulum socket, which is the socket where the femoral head is located. K.C. also sustained abrasions or "road rash" on his back and other parts of his body. The defendant fled the scene of the incident.
Shortly thereafter, the defendant returned the van to his employer, John Greg Edwards, the owner of the van. When Edwards asked about the dent on the hood of the van, the defendant told Edwards that he had ran over someone and killed him. The defendant then fled, and Edwards notified the police.
The defendant later turned himself in to the police. He was charged with attempted second degree murder. However, the jury found him guilty of aggravated battery, a responsive verdict. The trial court sentenced him to six years at hard labor without first ruling on the defendant's motions for a new trial and post-verdict judgment of acquittal. A motion to reconsider sentence was denied. In an unpublished opinion, No. 36,554-KA rendered December 11, 2002, this court vacated the sentence and remanded the matter for the trial court to rule on the pending motions. On April 7, 2003, the trial court denied both the motion for new trial and the motion for post-verdict judgment of acquittal upon finding that neither motion was supported by law or evidence. The trial court than imposed a sentence of six years at hard labor. This appeal followed.

DISCUSSION
The defendant urges three assignments of error on appeal. In appealing his conviction, he asserts that the trial court erred in failing to grant his motion for post-verdict judgment of acquittal. In appealing his sentence, the defendant asserts both that the trial court erred in failing to give sufficient consideration to mitigating factors in fashioning the sentence and that the sentence is excessive.
Post-verdict Judgment of Acquittal
A post-verdict judgment of acquittal shall be granted only if the trial court finds that the evidence, viewed in the light most favorable to the state, does not reasonably permit a finding of guilty. La. C.Cr.P. art. 821(B). Sufficiency of the evidence is an issue properly raised in the trial court by a motion for post-verdict judgment of acquittal under La.C.Cr.P. art. 821 See State v. Andy, 34,833 (La. App.2d Cir.8/22/01), 793 So.2d 485, writ denied, 2001-2734 (La.8/30/02), 823 So.2d 940.
The defendant's argument for granting the post-verdict judgment of acquittal is that the evidence was not sufficient to establish the intent element of the crime of aggravated battery. He claims that the evidence establishes that he intended only to scare the victim and that his hitting the victim was an accident. He asserts that the jury should have concluded that he was guilty only of negligent injury, a charge that was not before the jury, and returned a not guilty verdict. This argument requires us to examine the sufficiency of the evidence as to the intent element of aggravated battery.
Evidence is deemed to have been sufficient when, after viewing the evidence in the light most favorable to the prosecution, it is determined that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. When the evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient to persuade a rational finder of fact beyond a reasonable doubt that the *455 defendant was guilty of every essential element of the crime. State v. Johnson, 584 So.2d 1216 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1057 (La.1991).
A battery is the intentional use of force or violence upon the person of another. La. R.S. 14:33. An aggravated battery is a battery committed with a dangerous weapon. La. R.S. 14:34. Therefore, to convict a defendant of aggravated battery, the state must prove that the defendant intentionally used force or violence upon the victim, that the force or violence was inflicted with a dangerous weapon, and that the dangerous weapon was an instrumentality used in a manner likely or calculated to cause death or great bodily harm. State v. Day, 468 So.2d 1336 (La. App. 1st Cir.1985).
An aggravated battery conviction requires proof of only general criminal intent or a showing that the defendant in the ordinary course of human experience must have adverted to prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2); State v. Dunn, 30,560 (La.App.2d Cir.2/25/98), 709 So.2d 852. The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of this determination is to be guided by the standards of Jackson v. Virginia, supra. State v. Johnson, 584 So.2d 1216 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1057 (La.1991); State v. Doby, 540 So.2d 1008 (La.App. 2d Cir. 1989).
A jury's decision to accept or reject the testimony of a witness in whole or in part is given great deference on appeal. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, rehearing denied.
The state presented the testimony of K.C. and three eyewitnesses to the incident. The eyewitnesses were Charles Cottingham, who was walking with K.C. when the incident occurred; Kenny Chappell, who knew both K.C. and the defendant and who was on Sunny Brook when the incident occurred; and Chamavis Smith, who saw the incident from his front yard. These eyewitnesses testified that they saw the defendant drive up behind K.C. and swerve the van toward him. They observed the van turn around further up the street and then head back toward K.C. at a high rate of speed. The van drove onto the curb and hit K.C., dragging him under the van. The van then drove off from the scene. The testimony of these witnesses was consistent and showed that the defendant purposefully drove the van toward K.C., turned it around, and drove onto the curb in order to strike K.C.
The state also presented the testimony of John Greg Edwards, the defendant's employer, and Edwards' wife, Tomi Edwards. John Edwards testified that the defendant told him that he ran over the victim and thought he killed him. Tomi Edwards overheard the defendant make this statement to her husband.
Detective Jeter, another witness for the state, interviewed the defendant after his arrest. Detective Jeter testified that the defendant claimed that he had blacked out and could remember nothing. During the interview, the defendant stated that he knew he "messed up" and that he would have to do a lot of time.
The defendant also testified at trial. He admitted that he lied to Detective Jeter about blacking out. He admitted that he swerved the van toward K.C., but he claimed that he only intended to scare him in retaliation for an incident that he said occurred a couple of days before the incident at issue. Furthermore, he claimed that he lost control of the van when it got too close to the curb and that this caused him to actually hit K.C.
*456 The jury was presented with conflicting testimony as to whether the defendant intended to strike K.C. with the van or whether he intended only to scare K.C. The jury chose to accept the eyewitnesses' account of the incident and to reject the defendant's claim that he only intended to scare K.C. To the defendant's great benefit, the jury also chose to reject the charges of the more serious offenses pertaining to murder. Rather, the jury determined that the state proved the elements of aggravated battery beyond a reasonable doubt.
Viewing the evidence in this case in the light most favorable to the prosecution in accordance with Jackson, supra, we find that the evidence was sufficient for the jury to find the defendant guilty of every essential element of the crime of aggravated battery, including the element of intent, beyond a reasonable doubt. The evidence established that the defendant twice drove the van in the direction of K.C. in an attempt to strike him. After missing the first time, the defendant purposefully turned the van around and again drove toward K.C. He drove off the roadway and onto the curb where the front center of the van struck K.C., causing great bodily injury to him. The defendant's purposeful actions, including fleeing the scene and lying to Detective Jeter, belie his claim that he was only trying to scare K.C.
The evidence established beyond a reasonable doubt that the defendant committed an aggravated battery. The defendant intentionally used a van as a dangerous weapon to inflict force or violence upon K.C. We find no basis for reversing the trial court's denial of the motion for post-verdict judgment of acquittal. This assignment of error is without merit.
Sentencing
As previously stated, the defendant appeals his sentence on the grounds that the trial court failed to give sufficient consideration to mitigating factors and that the sentence is excessive. However, La. C.Cr.P. art. 881.1(E) precludes a defendant from presenting arguments on appeal that were not presented to the trial court. In his motion to reconsider sentence, the defendant prayed only that the sentence be "reconsidered and reduced." He did not allege the trial court's failure to consider mitigating factors.
When the defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated to a claim of constitutional excessiveness on appeal. State v. Minis, 619 So.2d 1059 (La. 1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of a manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The crime of aggravated battery carries a potential sentence of imprisonment with or without hard labor for not more than ten years. La. R.S. 14:34. The defendant received a lenient mid-range sentence of six years at hard labor. The record from trial shows that evidence presented made the trial court aware of the defendant's age, family history, educational level, prior criminal record, and employment *457 history. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
The acts of the defendant toward the victim were egregious. The defendant used a motor vehicle as a dangerous weapon to intentionally strike down a pedestrian, who was also a juvenile at the time of the offense. K.C. was dragged over 157 feet by the van. The defendant simply drove away as if he had struck down a stray animal. K.C. sustained serious injuries as a result of the battery. His fractures indicate the great force with which the van struck him. K.C. was further injured by the dragging. Any reasonable person in society should find the defendant's actions abhorrent.
The defendant could have received a ten year sentence. Instead, he benefitted from a shorter, mid-range sentence. When his crime and punishment are viewed in light of the harm done to society, the six-year hard labor sentence does not shock the sense of justice. The assignments of error related to sentencing are without merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.