**NNDJ, INC., Mary Eghigian, Janet Terterian, Amy Dluzynski, and Ezgar Villarreal, Plaintiffs,**

v.

**COMERICA INCORPORATED and Fifth Third Bank, Defendants.**

Civil No. 07–14406.

United States District Court, E.D. Michigan, Southern Division.

July 30, 2008.

Mark K. Wasvary, Becker and Wasvary, Troy, MI, for Plaintiffs.

Henry J. Stancato, Simon, Galasso, Troy, MI, Molly E. McManus, Warner, Norcross, Grand Rapids, MI, Michael G. Brady, Pamela M. Miller, Warner, Norcross, Southfield, MI, for Defendants.

1. The term "official check" is not defined in the UCC but is used here to refer to either a cashier's check or a teller's check. The UCC defines a cashier's check as "a draft with respect to which the drawer and drawee are the same bank or branches of the same bank." UCC § 3–104(g). A teller's check is defined as "a draft drawn by a bank (i) on another bank, or (ii) payable at or through a bank." UCC § 3–104(h).

## OPINION AND ORDER DENYING FIFTH THIRD BANK'S MOTION TO DISMISS

JOHN FEIKENS, District Judge.

Plaintiffs filed this class action lawsuit against various regional and national banks alleging that the Banks violated sections of the UCC by issuing official checks[1] and charging non-accountholder customers a fee to cash them. Defendant Fifth Third Bank has filed a motion to dismiss the claims against it. As the basis for its motion, it argues that issuing a cashier's check and charging a non-accountholder customer a fee to cash it does not violate the UCC. For the reasons set forth below, I DENY Fifth Third Bank's motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs originally brought this class action lawsuit against several regional and national banks. The suit alleges that the Banks violated sections of the UCC, as adopted in Michigan, by issuing official checks and charging non-accountholder customers a fee to cash them. I granted the National Banks' motion to dismiss the claims against them, holding that to the extent that state law prohibits the charging of fees to cash official checks, it is preempted by the National Bank Act, which applies only to national banks and allows them to charge the fees. Because they are regional banks, rather than national banks, Fifth Third Bank and Comerica Incorporated are not covered by the National Bank Act and were not dismissed from this action.

Now, Fifth Third Bank has filed a motion to dismiss the claims against it. In their claims against Fifth Third Bank, Plaintiffs allege that an unnamed individual went to a Fifth Third Bank branch and secured a cashier's check made payable to Mary Eghigian. The individual presented the cashier's check to Eghigian, who went to a Fifth Third Bank branch to cash it. Because Eghigian did not have an account with it, Fifth Third Bank charged her an $8.00 service fee to cash the check. Plaintiffs contend that the $8.00 service fee for cashing the cashier's check violated the UCC. Fifth Third Bank has filed this motion for summary judgment contending that the claims against it should be dismissed because the UCC does not prohibit a bank from charging non-accountholder customers a fee to cash cashier's checks that it has issued.

## ANALYSIS

The issue before me is whether it violates the UCC for a bank to charge non-accountholder customers a service fee to cash cashier' checks that it has issued. As this question has not previously been considered, it is a matter of first impression.

### A. THE UCC

The UCC specifically addresses the obligation undertaken by the issuer of a cashier's check:

**Obligation of Issuer of Note or Cashier's Check.**

The issuer of a note or cashier's check or other draft drawn on the drawer is obliged to pay the instrument (i) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder, or (ii) if the issuer signed an incomplete instrument, according to its terms when completed, to the extent stated in Sections 3–115 and 3–407. The obligation is owed to a

person entitled to enforce the instrument or to an indorser who paid the instrument under Section 3–415.

UCC § 3–412.[2] The issue upon which the parties to this motion disagree is whether the imposition of a check cashing fee to pay a cashier's check constitutes a failure to pay the check "according to its terms."

### B. STATUTORY INTERPRETATION

■■■ When asked to interpret a statute, the Court's first step is to examine the language of the statute and determine if its meaning is plain. See *U.S. Dep't of the Treasury v. Fabe*, 508 U.S. 491, 500, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993): *United States v. Choice*, 201 F.3d 837, 840 (6th Cir.), cert. denied, 530 U.S. 1209, 120 S.Ct. 2210, 147 L.Ed.2d 243 (2000). In making this determination, the Court looks at the language and design of the statute as a whole. See *United States v. Meyers*, 952 F.2d 914, 918 (6th Cir.1992), cert. denied, 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992). If the language of the statute is plain, the sole function of the Court is to enforce it according to its terms. See *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

### C. INTERPRETING UCC § 3–412

■■ The language of 3–412 is plain: "The issuer of a . . . cashier's check . . . is obliged to pay the instrument according to its terms The obligation is owed to a person entitled to enforce the instrument." UCC § 3–412. If the issuer of a cashier's check will not pay that check unless the party entitled to enforce the instrument pays an additional fee, the issuer of the check is not meeting its obligation. It is imposing additional terms upon the pay-

---

**2.** This section as been adopted in Michigan as   M.C.L. § 440.3412.

ment of the check in violation of the clear language of Section 3–412.

Fifth Third Bank has tried to characterize the $8.00 fee it charged Eghigian as a separate service charge, distinct from its payment of the check. Yet it would not pay the check directly to Eghigian unless she paid the fee. Adopting the fiction that the check cashing fee is separate from the payment of the check would contravene the plain meaning of the statute and render an issuer's obligation to pay a cashier's check according to its terms meaningless by allowing the issuer to change the terms of payment by simply recasting additional terms as service charges.

Fifth Third Bank also argues that if Eghigian would have cashed the cashier's check at a bank where she had an account, she may not have been charged a fee. This argument ignores the plain language of the statute. When Fifth Third Bank issued the cashier's check at question, it created an obligation to pay the check according to its terms. The last line of the statute clarifies that Fifth Third Bank's obligation is to the "person entitled to enforce the obligation," in this case Eghigian. UCC § 3–412. The obligation runs directly from Fifth Third Bank to Eghigian and she has the right to enforce that obligation by seeking payment of the cashier's check from the party that issued it: Fifth Third Bank. Even if Eghigian would not have been charged a fee had she sought payment of the cashier's check at a bank where she had an account, that does not alter the relationship between Fifth Third Bank, as the issuer of a cashier's check, and Eghigian, as the party entitled to enforce it. That relationship is explicitly created by Section 3–412 and is not subject to modification based on the actions of a third party bank.

In support of its position that the charging of a check cashing fee does not constitute a failure to pay a cashier's check

according to its terms, Fifth Third Bank cites three state court cases involving personal checks and a letter from the Office of the Comptroller of the Currency (OCC). The state court cases cited by Fifth Third Bank are of limited value because they involve personal checks and do not address the section of the UCC at issue in this case. See *Sexton v. PNC Bank*, 2000 WL 33281441, 43 UCC Rep. Serv.2d 341 (2000 Pennsylvania Common Pleas Court) (Sexton I) (holding that the imposition of a fee to cash a personal check did not violate UCC § 3–104, as adopted in Pennsylvania); *Sexton v. PNC Bank*, 792 A.2d 602 (2002 Superior Court of Pennsylvania) (Sexton II) (examining whether a check had been "accepted" under to UCC § 3–409, as adopted in Pennsylvania); *Hayes v. First Commerce Corporation*, 763 So.2d 733 (2000 Court of Appeal of Louisiana) (finding that UCC § 3–104, as adopted in Louisiana, is a definitional provision that does not provide a private right of action). The letter from the OCC, relied upon by Fifth Third Bank, simply parrots the Bank's view that the check cashing fee in question "is assessed for the separate service the Bank renders to the non-accountholder customer in providing immediate payment in cash and does not affect the payment of the check according to its terms." Letter from the Comptroller of the Currency, February 27, 2008, p. 6 (Docket Entry # 39, Attch. # 1). The Letter does not provide any meaningful or persuasive analysis of the plain meaning of UCC § 3–412. In short, the sources that Fifth Third Bank cites in support of its position are insufficient to overcome the plain meaning of the statute.

## CONCLUSION

For the reasons stated above, I find that UCC § 3–412 prohibits the issuer of a cashier's check from assessing a fee to pay

the check. I, therefore, DENY Fifth Third Bank's Motion to Dismiss.

**IT IS SO ORDERED.**